UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP P. BARLOW, | 05-CV-0583E(Sr) |
| Plaintiff, | MEMORANDUM |
| -vs- | and |
| THE BUFFALO NEWS, | ORDER[1] |
| Defendant. | |

## INTRODUCTION

Plaintiff, proceeding *pro se*, filed this action alleging that his former employer, The Buffalo News ("the News"), discriminated against him on the basis of a disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §12112 *et seq*.("the ADA").  On September 26, 2005 the News filed a Motion to Dismiss in lieu of an Answer arguing that the Complaint must be dismissed because plaintiff failed to file an administrative charge alleging disability discrimination. Plaintiff filed a response to the motion on October 24, 2005 asserting only his right to be heard on this matter and making no argument in opposition to the News' motion.  The motion was scheduled for oral argument on November 18, 2005.  On that date Plaintiff failed to appear for oral argument and the News submitted its motion on the papers.

---

[1]This decision may be cited in whole or in any part.

## BACKGROUND

The Court accepts as true, for purposes of this Motion, the following facts which are taken from plaintiff's Complaint.

Plaintiff began his employment with the News in October 2003. Compl. ¶4. Sometime in July 2004, plaintiff began experiencing discriminatory treatment, including on July 29, 2004. Compl. ¶¶4-5. The News allegedly terminated his employment, failed to provide him with a reasonable accommodation to allow him to perform the essential functions of his job and retaliated against him because of his complaints of discrimination or harassment. Compl. ¶13. Although initially Plaintiff asserts that the News' conduct violated the ADA, later in the Complaint he alleges that the News took the adverse actions against him because of his race. *Compare* Compl. at 1, *with* Compl. ¶14. Finally, plaintiff described the relevant discriminatory conduct as follows:

> "From day one of employment supervisors were treating me like I was not a human being screaming at me. But I had to go to the employee nurse and she gave me a hearing test [and] found out that I have hearing lost [sic] in my left ear."

Compl. ¶19.

## DISCUSSION

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), the Court "must accept the material

facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps* v. *Kapnolas*, 308 F.3d 180 (2d Cir. 2002). The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, the Court is not concerned with whether plaintiff may ultimately succeed on his claims but must "assess the legal feasibility of the complaint." *Cooper* v. *Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). In light of plaintiff's *pro se* status, the Court must construe his pleadings liberally. *See Haines* v. *Kerner*, 404 U.S. 519, 520-21 (1972).

A. <u>Disability Claim</u>

The News argues that the Complaint must be dismissed because plaintiff failed to comply with the procedural prerequisites to commencing this action by filing an administrative charge alleging discrimination based on his disability. Plaintiff's administrative charge alleged only discrimination based on race and/or color.

Exhaustion of administrative remedies by filing an administrative charge of discrimination with the New York State Division of Human Rights ("NYSDHR") or the United States Equal Employment Opportunity Commission ("EEOC") is a prerequisite to filing suit in federal court. *See* 42 U.S.C. §12117(a). The purpose of requiring such an administrative charge is "to give the administrative agency

the opportunity to investigate, mediate, and take remedial action." *Stewart* v. *United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985). Claims not asserted in that administrative charge may be pursued in federal court only "if they are reasonably related to those that were filed with the agency." *Shah* v. *New York State Dep't of Civ. Serv.*, 168 F.3d 610, 614 (2d Cir. 1999). Claims are reasonably related to conduct in the administrative charge "where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, \*\*\* where an employee has alleged retaliation against an employer for the filing of an EEOC charge [or] where a plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts* v. *City of New York Dep't of Housing*, 990 F.2d 1397, 1402-03 (2d Cir. 1993).

In this case, plaintiff's administrative charge of discrimination alleged only that the News had discriminated against him on the basis of his race and/or color. No where in the administrative charge does plaintiff allege that he has or is perceived by the News to have a disability. Nor can the Court conclude that plaintiff's claim of disability discrimination is reasonably related to the claim of race discrimination raised in the administrative charge. The alleged discriminatory conduct based on plaintiff's alleged disability would not fall within the scope of the EEOC's investigation of the race discrimination charge because

the facts alleged to constitute the disability discrimination in the Complaint bear no resemblance whatsoever to the facts alleged in the administrative charge.  In his administrative charge, plaintiff alleges that in July 2004 he was engaged in a verbal dispute with a white co-worker which resulted in plaintiff's suspension from work but no corresponding suspension of the white co-worker.  In contrast, his Complaint alleges that his supervisors screamed at him and he subsequently learned of a hearing loss in his left ear.[2]  Plaintiff does not contend that the disability discrimination alleged in the Complaint arose in retaliation for his filing the EEOC charge of race discrimination, and the allegations of the Complaint do not constitute further acts of discrimination carried out in precisely the same manner as those alleged in the administrative charge.  Therefore, the disability discrimination claim raised in the Complaint was not the subject matter of an administrative charge with the EEOC or the NYSDHR and is not reasonably related to the administrative charge that was made and therefore plaintiff's claim for disability discrimination must be dismissed.[3]

---

[2] It is unclear from the Complaint whether or not plaintiff alleges that he suffered this hearing loss because of his supervisors' screaming or whether the screaming was necessary due to the hearing loss or whether the alleged screaming was unrelated to plaintiff's inability to hear.

[3] Plaintiff's Complaint also fails to state a claim upon which relief can be granted.  To establish a prima facie claim of disability discrimination, a plaintiff must show (1) that he has a disability within the meaning of the ADA, (2) that his employer is covered by the statute and had notice of his disability, (3) that with reasonable accommodation he could perform the
(continued...)

B. <u>Race Discrimination and Retaliation Claims</u>

To the extent the Complaint could be liberally construed to raise a claim for race discrimination and/or retaliation[4], the Complaint fails to allege facts sufficient to state a claim upon which relief can be granted and thus must be dismissed for failure to comply with FRCvP 8(a). As discussed earlier, the sum total of plaintiff's factual allegations are that he was continually screamed at by his supervisors from the commencement of his employment and that he subsequently learned that he has a hearing deficiency in his left ear. Assuming these facts are true, as the Court must at this juncture, plaintiff has simply failed to allege that any adverse employment action was taken against him[5] or that any action was taken

---

[3](...continued)
essential functions of his position and (4) that the employer refused to make such accommodation. *Lovejoy-Wilson* v. *NOCO Motor Fuel, Inc.*, 263 F.3d 208, 216 (2d Cir. 2001). Although a plaintiff is not required to allege facts demonstrating each element of a *prima facie* case at the pleading stage, he must plead sufficient facts to provide the defendant with notice of the claim it is to defend. *See Swierkiewicz* v. *Sorema, N.A.*, 534 U.S. 506, 514 (2002). Here, even assuming plaintiff's hearing loss qualifies as a disability within the meaning of the ADA, he has failed to allege facts crucial to the claim, particularly the accommodation he sought and was refused.

[4] Construing plaintiff's Complaint liberally in light of his *pro se* status, the fact that he indicated "race" as the basis of his Complaint in paragraph 14 of the Complaint could arguably support a contention that plaintiff intended to raise a race discrimination claim. Similarly, the fact that plaintiff indicated "retaliation" as an adverse employment action in paragraph 13 of the Complaint arguably could support the contention that he intended to raise a claim of retaliation for his filing of the race discrimination charge with the EEOC. A claim of retaliation for filing the EEOC charge is reasonably related to the underlying discrimination claim raised in that EEOC charge.

[5] It is unclear as to whether or not plaintiff remains employed by the News. In his administrative charge, filed on September 7, 2004, plaintiff alleged that he was currently
(continued...)

against him because of his race or color. The Complaint therefore fails to provide the News with notice of the wrongful actions it must defend.

The News seeks dismissal of the Complaint with prejudice. With respect to the disability discrimination claim, the Court concludes that dismissal with prejudice is appropriate. Plaintiff's administrative charge failed to allege disability discrimination or any discrimination based on the same facts alleged in his Complaint. Furthermore, any administrative charge plaintiff could seek to file based on these facts would be untimely at this point. Therefore, the disability discrimination claim is dismissed with prejudice.

However, plaintiff did exhaust his administrative remedies with respect to a race discrimination claim based on his suspension in July 2004. The ambiguity of plaintiff's Complaint as filed leads the Court to conclude that plaintiff should be afforded a brief period in which to amend his Complaint to allege a race discrimination claim if he so chooses. The Complaint does not exclude all doubt as to whether plaintiff can allege facts sufficient to state a claim; thus he should be provided an opportunity to amend his Complaint to comply with the

---

[5](...continued)
employed by the News in the position of Mail Room Helper. In his Complaint, however, plaintiff alleges that in addition to the failure to provide a reasonable accommodation of his disability, the News terminated his employment. He does not provide the date of the alleged termination.

requirements of FRCvP 8(a). *See Haines*, 404 U.S. at 520-21; *Platsky* v. *C.I.A.*, 953 F.2d 26, 29 (2d Cir. 1991).

Accordingly, it is **ORDERED** that the News' Motion to Dismiss the Complaint is granted with prejudice as to the claim for disability discrimination and is granted without prejudice as to any claim for race discrimination and/or retaliation for plaintiff's filing an administrative charge of race discrimination. Plaintiff is granted until December 30, 2005 to serve and file an amended Complaint alleging race discrimination and/or retaliation based on the facts as alleged in his administrative charge. In the event no Amended Complaint is filed on or before December 30, 2005, the dismissal without prejudice will convert to a dismissal with prejudice and the case will be dismissed in its entirety.

DATED:    Buffalo, N.Y.

November 30, 2005

/s/ John T. Elfvin
JOHN T. ELFVIN
S.U.S.D.J.