UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PHILIP P. BARLOW, 05-CV-0583E(Sr)

Plaintiff, MEMORANDUM

-vs- and

THE BUFFALO NEWS, ORDER[1]

Defendant.

INTRODUCTION

Plaintiff, proceeding *pro se*, filed this action alleging that his former employer, The Buffalo News ("the News"), discriminated against him on the basis of his race and disability, in violation of the Title VII of the Civil Rights Act, 42 U.S.C. §2000e ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. §12112 *et seq* ("ADA"). On December 2, 2005, this Court dismissed Plaintiff's initial Complaint concluding that his disability claim was precluded by his failure to file an administrative charge of discrimination and concluding that the Complaint failed to state a claim for race discrimination under Title VII. The Court granted Plaintiff leave to replead his Title VII race discrimination claim.

On December 13, 2005 Plaintiff filed his Amended Complaint again alleging disability discrimination under the ADA and race discrimination under Title VII. On

[1]This decision may be cited in whole or in any part.

December 22, 2005 the News filed this second Motion to Dismiss. The Court heard oral argument on February 2, 2006.

## FACTS

The Court accepts as true, for purposes of this Motion, the following facts alleged in Plaintiff's Amended Complaint:

> "I was suspended and never return[ed] to work [and] never signed any paper saying I was fired." Amended Complaint ¶13.

Plaintiff further alleged that:

> "Defendant's [sic] called me for a hearing and gave me a paper's [sic] saying I was suspended 9-7-04 and I never heard from them. I also called numerous of time [sic] [asking] when can I come back."

Amended Complaint ¶19. Plaintiff's Amended Complaint did not allege any other facts relevant to his race discrimination claim. In his opposition to this Motion, however, Plaintiff submitted an affirmation and a memorandum of law containing additional factual allegations which are consistent with those he alleged in his EEOC charge — specifically, that on or about September 7, 2004 he was involved in a verbal altercation with a white co-worker and, as a result, Plaintiff was suspended while the white co-worker was not suspended.

## DISCUSSION

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), the Court "must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's

favor." *Phelps* v. *Kapnolas*, 308 F.3d 180 (2d Cir. 2002). The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, the Court is not concerned with whether plaintiff may ultimately succeed on his claims but must "assess the legal feasibility of the complaint." *Cooper* v. *Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). In light of plaintiff's *pro se* status, the Court must construe his pleadings liberally. *See Haines* v. *Kerner*, 404 U.S. 519, 520-21 (1972).

The News seeks dismissal of Plaintiff's ADA claim because the same claim was previously dismissed with prejudice. The News seeks dismissal of Plaintiff's Title VII claim for failure to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure ("FRCvP").

Plaintiff's ADA claim must be dismissed. As noted in the Court's December 2005 Memorandum and Order, Plaintiff failed to file an administrative charge of disability discrimination and his ADA claim was dismissed with prejudice. Likewise, the ADA claim asserted in the Amended Complaint must be dismissed.

The question is closer with respect to Plaintiff's Title VII claim. FRCvP 8(a) requires a plaintiff to allege a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCvP 8(a). The Plaintiff is not required to allege the facts in detail or to plead the legal theory of the case or elements of the claim. *See Phillips* v. *Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). Here, based on the contents of the

Amended Complaint alone, Plaintiff has not satisfied that notice standard because he alleged only that he was suspended and apparently ultimately terminated from his employment with the News. However, if the Court considers the facts alleged in Plaintiff's affirmation and memorandum in opposition to the Motion and those alleged in Plaintiff's administrative charge — on which the News relies in support of its Motion to dismiss the Amended Complaint —, Plaintiff has provided adequate notice to the News of the claim it must defend. *See Gill* v. *Mooney*, 824 F.2d 192, 195 (2d Cir. 1987).

In light of the Court's requirement to construe the pleadings of *pro se* litigants liberally[2], and to avoid the hasty dismissal of complaints that arguably state civil rights violations[3], it is hereby **ORDERED** that the News's Motion to Dismiss the Amended Complaint is granted with respect to Plaintiff's ADA claim and denied with respect to Plaintiff's Title VII claim of race discrimination.

DATED: Buffalo, N.Y.

June 1, 2006

/s/ John T. Elfvin

JOHN T. ELFVIN
S.U.S.D.J.

---

[2] *See Lerman* v. *Board of Elections in the City of New York*, 232 F.3d 135, 140 (2d Cir. 2000), *cert. denied* 533 U.S. 915 (2001).

[3] *See Gregory* v. *Daly*, 243 F.3d 687, 691 (2d Cir. 2001).