UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PHILLIP P. BARLOW,

               Plaintiff,

   v.                                                       **DECISION AND ORDER**
                                                                        05-CV-583S

THE BUFFALO NEWS,

               Defendant.

      1.     Plaintiff Phillip P. Barlow commenced this action *pro se* on August 16, 2005 by filing a Complaint in the United States District Court for the Western District of New York alleging that his former employer, Defendant, The Buffalo News, discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112 et seq ("ADA"). (Docket No. 1.) The matter was assigned to the Honorable John T. Elfvin, Senior United States District Judge.

      2.     On September 26, 2005, Defendant moved to dismiss Plaintiff's Complaint. (Docket No. 5.) By Memorandum and Order dated November 30, 2005, Judge Elfvin granted Defendant's Motion to Dismiss. (Docket No. 10.) Judge Elfvin held that Plaintiff's ADA claim was dismissed *with* prejudice because he failed to file an administrative charge of disability discrimination and, to the extent Plaintiff's Complaint could be construed to state a claim for race discrimination and/or retaliation, Plaintiff's claim was dismissed *without* prejudice. (Id.)

      3.     On December 13, 2005, Plaintiff proceeding *pro se* filed an Amended Complaint against Defendant, alleging violations of Title VII of the Civil Rights Act of 1964, U.S.C. §§ 2000e et seq ("Title VII") and the ADA. (Docket No. 11.) Defendant again

moved to dismiss Plaintiff's Complaint. (Docket No. 12.)

4. By Memorandum and Order dated June 1, 2006, Judge Elfvin granted Defendant's Motion as to Plaintiff's ADA claim, and denied Defendant's Motion as to Plaintiff's Title VII claim of race discrimination. (Docket No. 19.)

5. Thereafter, on April 5, 2007, Defendant filed a Motion for Summary Judgment as to Plaintiff's remaining Title VII claim. (Docket No. 26.[1]) Judge Elfvin then issued a Scheduling Order directing Plaintiff to respond to Defendant's Motion by June 1, 2007. Judge Elfvin also scheduled a hearing on the motion for June 8, 2007.

6. Plaintiff did not respond to Defendant's Motion by June 1, 2007. Plaintiff also failed to appear for the hearing on June 8, 2007.

7. On October 17, 2007, this case was reassigned to this Court after Judge Elfvin elected to take inactive status. (Docket No. 38.)

8. But prior to the re-assignment of this case, Plaintiff filed a Motion for Reconsideration. (Docket No. 36.) In his motion, Plaintiff asks this Court for "another chance" because, according to Plaintiff, "[he has not] had the chance to be really [sic] heard." (Docket No. 36.) Construing Plaintiff's Motion for Reconsideration to be based upon a mistaken belief that Defendant's summary judgment motion had already been granted, this Court denied Plaintiff's Motion as premature, and directed Plaintiff to respond to Defendant's summary judgment motion by April 30, 2008. (Docket No. 39.) This Court also warned Plaintiff that his failure to respond could result in Defendant's Motion being granted as unopposed. (Id.) Lastly, this Court sent Plaintiff a copy of the Order to his

---

[1] In support of their Motion, Defendant filed a Statement of Material Facts Not in Dispute, numerous exhibits, a declaration by John M. Monahan, and the Affidavits of Lawrence R. Bayerl, Anthony E. Crimi, Mark Vacanti, and William J. Piatkowski Jr. (Docket Nos. 28-34.) Defendant also provided Pro Se Plaintiff with notice pursuant to Rule 56.2 of the Local Rules of Civil Procedure. (Docket No. 27.)

address at 48 Willert Park Pl., Apt. C, Buffalo, NY 14204 ("Willert Park address").

9. But Plaintiff did not respond by April 30, 2008, and to date, Plaintiff has not submitted a response to Defendant's Motion.

10. On July 13, 2009, this Court issued another Order directing Plaintiff to respond to Defendant's summary judgment motion by August 10, 2009. (Docket No. 40.) A copy of the Order was sent to Plaintiff at the Willert Park address.

11. But on July 21, 2009, the Order was returned as undeliverable. It now appears that this Court does not have Plaintiff's current address. Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant." Thus a *pro se* litigant must notify the Court immediately in writing of any change of address, which Plaintiff has failed to do here.

12. In considering whether summary judgment is warranted, a district court must assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244, 246 (2d Cir. 2004).

13. Here, Defendant has submitted a Local Rule 56.1 statement which Plaintiff has not controverted. Defendant's statement contains citations to record evidence in this case, as is required. This Court has confirmed and is satisfied that the evidence cited supports the assertions therein. Thus, Defendant has fulfilled its burden of demonstrating the absence of a genuine issue of material fact regarding its liability.

14. This Court has reviewed the undisputed facts in light of the factors required

to state a claim for race discrimination under Title VII, and concludes that Defendant is entitled to summary judgment as a matter of law. Defendant has proffered a number of non-discriminatory reasons supporting its decision to terminate Plaintiff's employment, which include Plaintiff's un-excused absences (Def's Statement, ¶ 12[2]), his repeated mistakes during work (Def's Statement, ¶ 14-16), his physical altercations with co-worker Joe Perez (Def's Statement, ¶ 20, 33), showing up to work intoxicated (Def's Statement, ¶ 37), and brandishing weapons at co-workers and even threatening to kill a co-worker (Def's Statement, ¶ 43). Because Defendant's uncontested facts support a finding that it is not liable, this Court concludes that Defendant's Motion should be granted.

IT IS HEREBY ORDERED, that Defendant's Motion for Summary Judgment (Docket No. 26) is GRANTED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 22, 2009
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge

---

[2] Referring to Defendant's Statement of Material Facts Not in Dispute. (Docket No. 28.)